O'MELVENY & MYERS LLP
Jeffrey I. Kohn
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

*Attorney for Defendants Walter Calhoun and Brandon Chabner, as Trustee of The Walter Calhoun Family Insurance Trust dated July 24, 2006*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>v.<br><br>WALTER R. CALHOUN and BRANDON CHABNER, as Trustee of The Walter Calhoun Family Insurance Trust dated July 24, 2006,<br><br>   Defendants. | Case No.: 3:08-cv-02917-JAP-TJB<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Motion Returnable September 15, 2008 |

### REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

## TABLE OF CONTENTS

|  | Page |
|---|---|
| INTRODUCTION | 1 |
| ARGUMENT | 2 |
| I. PLAINTIFF FUNDAMENTALLY MISCONSTRUES THE CASE LAW ON THE ISSUE OF INSURABLE INTEREST | 2 |
| II. PLAINTIFF'S ATTEMPT TO JUSTIFY THEIR MATERIAL MISRERPESENTATION CLAIM CANNOT WITHSTAND SCRUTINY | 3 |
| CONCLUSION | 6 |

## TABLE OF AUTHORITIES

Page

**Cases**

*Bankers' Reserve Life Co. v. Matthews*, 39 F.2d 528 (8th Cir. 1930 .............................................. 3

*First Penn-Pacific Life Ins. Co. v. William R. Evans, Chtd.*, Civil No. AMD 05-444,
    2007 U.S. Dist. LEXIS 45112 (D. Md. June 21, 2007) ............................................................. 3

*Grigsby v. Russell*,
    222 U.S. 149 (1911) .................................................................................................................. 2

*Sun Life Ins. Co. of Canada v. Paulson*, Civil No. 07-3877 (DSD/JJS),
    2008 U.S. Dist. LEXIS 11719 (D. Minn. Feb. 15, 2008) ......................................................... 3

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
    2 Cal. App. 4th 153 (1991) ....................................................................................................... 4

## INTRODUCTION

Plaintiff's brief asks this Court to make a radical break with established case law on the basis of little more than hyperbolic rhetoric. Defendants' motion to dismiss discusses in detail authorities ranging from very recent federal district court decisions to a precedent-setting century-old decision of the U.S. Supreme Court, all approving the right of insurance policyowners to sell their policies to buyers who lacked an insurable interest on the ground that insurance policies have the same characteristics as any other property. Plaintiff offers no basis for distinguishing or ignoring any of these authorities. Instead, plaintiff relies on rhetoric—rhetoric like "stranger-originated life insurance," a non-legal term recently invented by the life insurance industry to avoid payment obligations on policies like the policy issued to Mr. Calhoun in this case. But calling these kinds of transactions "stranger-originated," part of a "scheme," or involving a "mythical market" cannot change the fact that, under numerous decided cases, Mr. Calhoun had every right to buy an insurance policy in full knowledge of his legal right to sell that policy at a later point in time. That he has not, in fact, sold or agreed to sell the policy at issue underscores the incoherence of plaintiff's legal theory (since it essentially asks the Court to undertake an analysis of plaintiff's subjective future intentions), but it is not a necessary factor in the outcome. The Court should ignore plaintiff's rhetoric and focus on the holding of the majority of decided cases. Those authorities hold that purchasers of insurance policies have an unfettered right to sell those policies to buyers who do not have an insurable interest.

In sum, it is clear at this point that this action must be dismissed for two reasons. ***First***, despite all plaintiff's talk of "strangers" and "schemes", plaintiff's insurable interest claim fails because the weight of decisional authority holds that a policyowner's sale of (and, by extension, intent to sell) a policy to a buyer who lacks an insurable interest is perfectly proper and does not deprive the original policyowner of an insurable interest in the first instance. ***Second***, plaintiff's

misrepresentation claim fails based on the language of plaintiff's own policy application and response.

## ARGUMENT

### I. PLAINTIFF FUNDAMENTALLY MISCONSTRUES THE CASE LAW ON THE ISSUE OF INSURABLE INTEREST.

Plaintiff's argument that the Policy was not supported by a valid insurable interest at the time it was issued is based almost entirely on its misinterpretation of an Eighth Circuit case decided in 1930. But the Court need not trouble itself with that old case, because the Supreme Court itself has squarely held that challenges like plaintiff's here are meritless.

As Defendants noted in their motion to dismiss, in *Grigsby v. Russell*, 222 U.S. 149 (1911), Justice Oliver Wendell Holmes (writing for a unanimous Court) ***upheld*** the right of a policy owner to sell his policy for cash compensation to an investor who himself lacked an insurable interest. While recognizing that strangers should not be permitted to procure insurance policies on other people's lives without their knowledge, Justice Holmes recognized that the law "allow[s] the holder of a valid insurance [policy] upon his own life to transfer it to one whom he, the party most concerned, is not afraid to trust. The law has no universal cynic fear of the temptation opened by a pecuniary benefit accruing upon a death." *Id.* at 155-56. Plaintiff has given no reason why this rule is no longer applicable, or why it should be disregarded in this case.

In any event, the Eighth Circuit case on which plaintiff relies actually supports ***Defendants'*** position on the issue of insurable interest. While plaintiff wishes this court to believe that a one-sided intent to assign a policy at issuance will make the policy *void ab initio* for lack of insurable interest, *Bankers' Reserve Life Co. v. Matthews* actually found that the policies at issue in that case ***were not*** wagering contracts as there was no pre-existing agreement

2

between ***both the insured and the later transferee***. *See generally Bankers' Reserve Life Co. v. Matthews*, 39 F.2d 528 (8th Cir. 1930). Thus, plaintiff's reliance on the dicta from *Bankers' Reserve Life* is misplaced. In 2008, the U.S. District Court for the District of Minnesota reinforced the reasoning behind *Bankers' Reserve Life*, stating that, in order to withstand dismissal, a complaint seeking to void an insurance policy on insurable interest grounds must allege a pre-existing agreement ***between a seller and a buyer***, not simply a one-sided intention by the policyowner to market the policy to prospective buyers in the future. *See Sun Life Ins. Co. of Canada v. Paulson*, Civil No. 07-3877 (DSD/JJS), 2008 U.S. Dist. LEXIS 11719, at *7-8 (D. Minn. Feb. 15, 2008). *First Penn-Pacific Life Ins. Co. v. William R. Evans, Chtd.*, Civil No. AMD 05-444, 2007 U.S. Dist. LEXIS 45112 (D. Md. June 21, 2007) is in accord. Yet plaintiff offers no reason why these recent cases are wrongly decided, or why they are distinguishable, or why their principle is inconsistent with 100 years of authority extending all the way to Justice Holmes's decision in *Grigsby*. This Court should follow the decided cases and dismiss plaintiff's insurable interest claim.

## II. PLAINTIFF'S ATTEMPT TO JUSTIFY THEIR MATERIAL MISRERPESENTATION CLAIM CANNOT WITHSTAND SCRUTINY.

Plaintiff attempts to resurrect its material misrepresentation claim by comparing the question at issue here—whether Mr. Calhoun had discussed a potential future sale of the Policy with a life settlement provider—to questions that address past risky behavior such as sky diving or race-car driving. That analogy does not apply. Merely phrasing a question about future intent in terms of whether a person has, in the past, expressed a future intent does not change the fact that the basis of the question at issue is to ascertain plaintiff's future intent to sell. Under established law, such a question cannot be "material." Plaintiff's misrepresentation claim thus must be dismissed.

3

As noted in Defendants' motion to dismiss, Mr. Calhoun's misrepresentation was not "material" because the supposed misrepresentation concerned a statement of future intent. Under California law, claims of misrepresentation require a statement of past or existing facts, not statements concerning future actions or intentions. *See, e.g., Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 158 (1991).[1] Here, the alleged misrepresentation concerned Mr. Calhoun's intentions about the "***possible*** sale or assignment of [the Policy] to a life settlement, viatical or other secondary market provider." (Compl. ¶ 27 (emphasis added).)

Plaintiff has attempted to turn this question of "possible sale or assignment" into a question about prior acts, by stating that the question merely referred to any prior discussions Mr. Calhoun or Mr. Chabner may have had regarding the ***future sale or assignment*** of the Policy. (*See* Resp. at 11.) That interpretation is belied by the text of the application itself, which distinguished between past sales and potential future sales. The problem is easily illustrated by the two consecutive questions on the Policy application:

> 4a.   Have you been involved in any discussion about the ***possible sale or assignment of this policy*** to a life settlement, viatical or other secondary market provider?
>
> 4b.   Have you *ever sold* a policy to a life settlement, viatrical or other secondary market provider?

(Compl., Ex. A at 2.) Significantly, plaintiff does not argue that Mr. Calhoun misrepresented his answer to Question 4b.

Moreover, plaintiff states that insurance applications can and do inquire "whether insureds engage in all sorts of legal activities" including "smoking; sky, scuba, or cliff diving; flying as a pilot or crew member; motor vehicle or boat racing; hang gliding; mountain

---

[1]   Defendants believe California law is controlling on these issues, for the reasons stated in their Motion to Dismiss. And plaintiff itself has stated that New Jersey and California law are materially the same on the issues of insurable interest and material misrepresentation. (*See* Resp. at 6-9.) Therefore, this Court should look to California precedent on this issue.

4

climbing," and they can be material to the risk. (*See* Resp. at 13.) Yet plaintiff does not (and cannot) suggest that insurance applications normally ask whether the insured has ever ***discussed*** with anyone a plan to do any of the above possible activities in the future; such a question would obviously be focused on future intent and thus unenforceable through a material misrepresentation claim. As noted above, plaintiff does not state that Mr. Calhoun misrepresented his answer to Question 4b concerning whether he sold a life insurance policy in the past. Yet plaintiff's interpretation of Question 4a would render that question and Question 4b redundant. The only plausible explanation for why these two questions were asked separately is that 4a seeks information about past sales, and 4b seeks information about potential future sales. As plaintiff's own application makes clear the difference between a question that does not constitute a misrepresentation under California law (4a) and one that does (4b), and plaintiff has not stated that Defendants misrepresented their answer to Question 4b, plaintiff's material misrepresentation claim must fail.

5

## CONCLUSION

For the foregoing reasons, and for the additional reasons stated in Defendants' Memorandum in Support of their Motion to Dismiss, Defendants respectfully request that the Court grant their motion and dismiss plaintiff's complaint in its entirety, with prejudice.

Dated:  New York New York  
        September 8, 2008

Respectfully submitted,

O'MELVENY & MYERS LLP

By: _____s/ Jeffrey I. Kohn_____

Jeffrey I. Kohn  
Times Square Tower  
7 Times Square  
New York, New York 10036  
Telephone: (212) 326-2000  
Facsimile: (212) 326-2061  
jkohn@omm.com

*Attorney for Defendants Walter Calhoun and Brandon Chabner, as Trustee of The Walter Calhoun Family Insurance Trust dated July 24, 2006*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I caused to be served a copy of the foregoing Reply in Support of Defendants' Motion to Dismiss to the following via electronic filing on September 8, 2008:

>Charles J. Vinicombe
>Bradford P. Barron
>DRINKER BIDDLE & REATH LLP
>105 College Road East
>Princeton, NJ 08542-0627
>Telephone: (609) 716-6500
>Facsimile: (609) 799-7000

A courtesy copy of the foregoing was sent by Federal Express to the judge's chambers.

>_s/ Jeffrey I. Kohn_
>
>Jeffrey I. Kohn
>Times Square Tower
>7 Times Square
>New York, New York 10036
>Telephone: (212) 326-2000
>Facsimile: (212) 326-2061
>jkohn@omm.com
>
>*Attorney for Defendants Walter Calhoun and Brandon Chabner, as Trustee of The Walter Calhoun Family Insurance Trust dated July 24, 2006*